**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4320

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRY LYNN MILLER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  John A. Gibney, Jr., Senior District Judge.  (2:21-cr-00056-JAG-RJK-1)

Submitted:  March 16, 2023                          Decided:  March 20, 2023

Before WILKINSON, AGEE, and HARRIS, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

**ON BRIEF:**  Scott W. Putney, SCOTT W. PUTNEY, ATTORNEY AT LAW, Norfolk, Virginia, for Appellant.  Jacqueline Romy Bechara, Alexandria, Virginia, Emily Rebecca Gantt, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terry Lynn Miller pleaded guilty, pursuant to a written plea agreement, to one count of mail fraud, in violation of 18 U.S.C. § 1341, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).  The district court sentenced Miller to 33 months' imprisonment on the mail fraud count and a consecutive 24-month term of imprisonment on the identity theft count, for a total of 57 months' imprisonment.  On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Miller knowingly and intelligently waived her right to appeal and whether the court adequately considered the 18 U.S.C. § 3553(a) factors at sentencing.  Although notified of her right to do so, Miller has not filed a pro se supplemental brief.  The Government has moved to dismiss the appeal pursuant to the appeal waiver contained in Miller's plea agreement.  We dismiss in part and affirm in part.

We review de novo the validity of an appellate waiver.  *United States v. Soloff*, 993 F.3d 240, 243 (4th Cir. 2021).  Where, as here, the Government seeks to enforce an appeal waiver and Miller has not alleged a breach of the plea agreement, we will enforce the waiver if it is valid and the issue raised on appeal falls within the scope of the waiver.  *Id.*

Our review of the record, including the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, leads us to conclude that Miller's guilty plea was knowing and voluntary and that the waiver is valid and enforceable.  Miller's challenge to the reasonableness of her sentence falls squarely within the waiver's scope.  We therefore grant the Government's motion to dismiss that portion of the appeal.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside the scope of Miller's valid appeal waiver. We therefore grant, in part, the Government's motion to dismiss and dismiss the appeal as to all issues within the waiver's scope. We affirm the remainder of the judgment.

This court requires that counsel inform Miller, in writing, of the right to petition the Supreme Court of the United States for further review. If Miller requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Miller. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*